1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

JOSE ANTONIO CHAVEZ,

      Plaintiff,

      v.

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,[1]

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  EDCV 16-712-JC

ORDER GRANTING MOTION FOR
ATTORNEY FEES

[DOCKET NO. 26]

18 **I.**   **SUMMARY**

19        On July 11, 2018, plaintiff's counsel filed a Motion for Attorney Fees
20 Pursuant to 42 U.S.C. § 406(B) ("Motion"), along with a declaration from counsel
21 ("Decl.") and supporting exhibits ("Ex."), seeking $19,460 in fees.  On
22 July 25, 2018, defendant filed a response to the Motion.  The Court has taken the
23 Motion under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-
24 15; July 11, 2018 Minute Order.
25 ///
26
27
28

---

[1]Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is
hereby substituted as the defendant in this action.

1    Based on the Court's review of the pleadings and the Court's assessment of

2    the reasonableness of the fee request, the Court hereby GRANTS the Motion.

3    **II.    BACKGROUND**

4    The Court previously remanded this matter to the Commissioner for further

5    administrative action.  The Commissioner subsequently awarded plaintiff

6    approximately $77,843 in past-due benefits.  See Ex. 3 at 3 (Notice of Award

7    indicating that the Administration could not withhold more than 25 percent of

8    past-due benefits and in this case withheld $19,460.75 from past-due benefits to

9    pay counsel).  Plaintiff's counsel represented plaintiff under a contingent fee

10   agreement providing for fees in the amount of 25 percent of past-due benefits for

11   work before the Court.  (Ex. 1).  The $19,460 Section 406(b) fee sought equals

12   almost the entirety of the amount the Administration has withheld for fees.  (Ex. 3

13   at 3).

14   The Court previously awarded $3,400 in attorney fees pursuant to 28 U.S.C.

15   section  2412(d), the Equal Access to Justice Act ("EAJA").  (Docket Nos. 24-25).

16   **III.   DISCUSSION**

17   **A.    Applicable Law**

18   Under 42 U.S.C. section 406(b), a court entering judgment in favor of a

19   Social Security claimant who was represented by an attorney may determine and

20   allow attorney's fees in a "reasonable" amount, not to exceed 25 percent of the

21   total past-due benefits awarded to the claimant.  42 U.S.C. § 406(b).  Because

22   these fees are payable from past-due benefits, the Court has an independent duty to

23   ensure a section 406(b) contingency fee is reasonable.  42 U.S.C. § 406(b);

24   Gisbrecht v. Barnhart, 535 U.S. 789 (2002).  Section 406(b)(1) provides:

25   Whenever a court renders a judgment favorable to a claimant . . . who

26   was represented before the court by an attorney, the court may

27   determine and allow as part of its judgment a reasonable fee for such

28   representation, not in excess of 25 percent of the total of the past-due

2

1    benefits to which the claimant is entitled . . . In case of any such

2    judgment, no other fee may be payable . . . for such representation

3    except as provided in this paragraph.

4  42 U.S.C. § 406(b)(1)(A).

5    The United States Supreme Court has explained:

6    [Section] 406(b) does not displace contingent-fee agreements as the

7    primary means by which fees are set for successfully representing

8    Social Security benefits claimants in court.  Rather, § 406(b) calls for

9    court review of such arrangements as an independent check, to assure

10   that they yield reasonable results in particular cases.  Congress has

11   provided one boundary line:  Agreements are unenforceable to the

12   extent that they provide for fees exceeding 25 percent of the past-due

13   benefits.  Within the 25 percent boundary . . . the attorney for the

14   successful claimant must show that the fee sought is reasonable for

15   the services rendered.

16  Gisbrecht, 535 U.S. 789, 807 (2002) (internal footnotes omitted).  The hours spent

17  by counsel representing the claimant and counsel's "normal hourly billing charge

18  for noncontingent-fee cases" may aid "the court's assessment of the

19  reasonableness of the fee yielded by the fee agreement."  Id. at 808.

20    When a contingency fee falls within the 25 percent boundary, Gisbrecht

21  instructs that the Court appropriately may reduce counsel's recovery:

22   based on the character of the representation and the results the

23   representative achieved. . . .If the attorney is responsible for delay, for

24   example, a reduction is in order so that the attorney will not profit

25   from the accumulation of benefits during the pendency of the case in

26   court. . . . If the benefits are large in comparison to the amount of time

27   counsel spent on the case, a downward adjustment is similarly in

28   order.

3

1    Id. at 808 (internal citations omitted).

2        **B.    Analysis**

3        Applying the foregoing standards to the instant case leads this Court to

4    conclude that the fees requested in the Motion are reasonable and that the Motion

5    should be granted.  The fee sought does not exceed 25 percent of past-due

6    benefits, and counsel has stated that the counsel will not seek fees under 42 U.S.C.

7    section 406(a) should the Court award the full fee requested herein.  See Decl. at

8    ¶ 6.  Neither "the character of the representation" nor "the results the

9    representative achieved" suggest the unreasonableness of the fee sought.

10   Plaintiff's counsel was not responsible for any significant delay in securing

11   plaintiff's benefits.

12       Counsel and his paralegal reportedly spent 19.7 hours in 2016 representing

13   plaintiff before the Court.  (Ex. 4).  If counsel is awarded the full fee requested,

14   counsel will receive a de facto hourly rate of $987.82 (i.e., $19,460.75/19.7) for

15   this time.  The Court previously has approved of a combined de facto hourly rate

16   of $1,200 for attorney and paralegal work performed in 2012 and 2013.

17   See Docket No. 29 (Order Granting in Part Motion for Attorney Fees) in Eredia v.

18   Berryhill, ED CV 12-2010-JC.  The de facto hourly rate in this case is reasonable.

19       Because this case is legally indistinguishable from Crawford v. Astrue, 586

20   F.3d 1142 (9th Cir. 2009) (en banc), the Court is unable to find that a comparison

21   of the benefits secured and the time plaintiff's counsel spent on the matter suggest

22   the unreasonableness of the fee sought.  Therefore, the Court concludes that "the

23   fee sought is reasonable for the services rendered," within the meaning of

24   Gisbrecht.

25   ///

26   ///

27   ///

28   ///

**IV.    ORDER**

IT IS THEREFORE ORDERED that the Motion is granted.  Section 406(b) fees are allowed in the gross amount of $19,460 to be paid from the sums withheld by the Commissioner from plaintiff's past-due benefits.  Plaintiff's counsel shall reimburse plaintiff/credit against any amount owed by plaintiff to counsel $3,400 – the amount previously paid to plaintiff's counsel under the EAJA.

IT IS SO ORDERED.

DATED: August 2, 2018

_____
/s/

Honorable Jacqueline Choolijan
UNITED STATES MAGISTRATE JUDGE

5